Sullivan,
No. 5649.

PLAINFIELD

*v.*

VERNON A. HOOD *& a.*

Argued November 8, 1967.
Decided March 29, 1968.

*William E. Nolin, Upton, Sanders & Upton (Mr. Richard F. Upton* orally ), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *Joseph S. Ransmeier* ( *Mr. Ransmeier* orally ), for planning board of the town of Plainfield as amicus curiae.

*Spanos & Spanos* and *Shulins & Duncan ( Mr. Aristides V. Spanos* and *Mr. Richard C. Duncan* orally ), for the defendants.

PER CURIAM.   Petition for a declaratory judgment to determine the validity of certain provisions of a building construction and

zoning ordinance of the town of Plainfield adopted in 1959 as amended in 1966. Transferred on an agreed statement of facts by *Griffith*, J. The disputed provisions of the ordinance relate solely to the erection and maintenance of mobile homes. Defendant Hood maintains a mobile home park and the defendants Tisdale are owners of mobile homes.

The agreed facts relate to the enactment of the original ordinance of 1959 and the amendment of 1966. The warrant for the town meeting of 1958 contained in Article XIV the following: "XIV. To transact any other business that may legally come before this meeting." Purporting to act upon the authority of this article the following action was taken by the meeting.

"Voted in the affirmative that the Selectmen appoint a committee of four citizens to serve with them as a Town Planning Board." A town planning board of four appointed citizens with the three selectmen functioned as a town planning board for some seven years although beginning in December of 1965 only one member of the board of selectmen met with them by informal understanding.

The annual town meeting of 1959 adopted a "building construction and zoning ordinance" proposed by the town planning board. No master plan of zoning was adopted by the planning board prior to the adoption of the ordinance and the ordinance itself established no zones or districts. This ordinance remained in its original form until 1966 and was enforced during that period. The only reference to mobile homes in this ordinance is contained in Article III 6 which provides for restrictions on mobile homes used for temporary occupancy and provides that trailers for permanent occupancy shall conform to the residence requirements of the ordinance. However, in 1964 defendant Hood was issued a permit by the selectmen to establish a trailer park, limited to fifteen acres, for a fee of ten dollars and has continued to operate a trailer park since that date.

Public hearings were held on December 20, 1965 and January 26, 1966 on amendments to the 1959 ordinance proposed by the town planning board. These hearings were properly called by notice given by publication and written copies of the amendments were distributed at the meeting. Changes in the proposed amendment were presented at the first public hearing and contained in the notice of the second public hearing. At the second public hearing two additional changes were announced by the chairman

of the planning board. One of these was purely an editorial correction required by the change at the first public hearing while the second change was intended to clarify a section which as originally worded had apparently inadvertently excluded large road type trailers from the town under any conditions.

The amendment with all the changes was presented to the annual town meeting of 1966 after having been set forth in full in the warrant for the meeting. This amendment was adopted by ballot vote 162 to 150. The warrant for the 1966 meeting contained two other articles relating to the original ordinance and amendment. These were Articles XIII and XIV. These two articles were taken up in reverse order and passed. Article XIV was a resolution to confirm and ratify as of the date of the original meeting the action of the town meeting of 1958 in appointing a planning board and to provide that no action of the planning board should be voided or invalidated because of any defect in the original proceedings. Article XIII was a resolution reciting that the subsequent practice of the planning board in operating with one selectman and the original vote creating the planning board in 1958 shall be construed to have contemplated the creation of a planning board of five members, one of whom shall be a selectman in accordance with the provisions of RSA 36:4, and that thenceforth appointments to the board shall be governed accordingly.

Prior to the annual meeting protests of a large number of landowners were filed with the moderator and town clerk with the intention of invoking the provisions of RSA 31:64 ( supp ), so as to require two-thirds majority vote on the proposed amendments in order for them to be adopted. In the event it should be ruled that RSA 31:64 ( supp ) is applicable to these amendments the factual decision of whether there were sufficient valid signatures of owners within the meaning of the act is to be determined by the Trial Court.

Article XI of the town warrant to rescind the adoption of the original ordinance of March 10, 1959 was defeated by the affirmative vote on a motion to indefinitely postpone.

The amendments as adopted by the 1966 town meeting related solely to mobile homes and provided detailed regulations and restrictions on their being permitted in the town or maintained in the town. The amendments restricted mobile home parks to one

in addition to such as were in existence on the date of the amendment; provided for license fees for such permits as the board of selectmen might issue; and, regulated construction and maintenance of mobile homes in such parks. Permission to maintain trailers or mobile homes outside of mobile parks was limited by the amendments.

The following two questions were transferred without ruling:

1. Is the town's building construction and zoning ordinance adopted in 1959 as amended in 1966 valid, lawful and enforceable?

2. May such ordinance as amended be enforced against each of the defendants and others situated in the same position?

In our opinion, the ordinance, as amended is valid, lawful, and enforceable. The principal issue arises out of claimed deficiencies in the original appointment of the planning board without prior specific notice of the action to be taken. This defect, in our judgment, was cured by the vote of ratification taken at the 1966 meeting, of which notice was duly given.

It is settled law that a municipal corporation by appropriate action may validate prior action which was within its powers but failed by reason of defective exercise of those powers. *Moulton* v. *Beals,* 98 N. H. 461, 464. See McQuillin, Municipal Corporations ( 3rd *ed.* ) *ss.* 13.47, 16.93, 37.93; Antieau, Municipal Corporations *s.* 4.11. The principle stated in *New London* v. *Davis,* 73 N. H. 72, 76, has long been adhered to in this jurisdiction: that if "votes passed at town meetings . . . fall within the authorized powers of the town, ingenious distinctions . . . will not be unnecessarily resorted to, when the effect would be to defeat the apparent intent of the voters in a matter admittedly within their legislative province." See also, *Leonard* v. *School District,* 98 N. H. 296; *Moulton* v. *Beals, supra.*

The action at the 1966 meeting, ratifying the 1958 appointment of the planning board operated to remove the objection that the ordinance was originally presented by an illegally constituted board, authorized under an insufficient warrant. The further action of the 1966 meeting in defeating the proposed rescission of the 1959 ordinance under Article XI of the warrant, and in voting by ballot to amend the ordinance under Article II, was sufficient confirmation and ratification of its original adoption to validate it and make it binding upon these defendants, if the amendment

was otherwise validly adopted. RSA 31:64 ( supp ).

The defendants have argued that the original ordinance was invalid, as a matter of substance, because no provision was made for multiple districts. It is true that the ordinance permits residential, business, and industrial uses within the single district which constitutes the town. The statutory provisions relating to districts however, are permissive rather than mandatory ( RSA 31:61 ) and the establishment of a single district for zoning purposes will not for that reason alone invalidate an ordinance. See *Rockingham Hotel Co.* v. *North Hampton,* 101 N. H. 441, 444; 1 Rathkopf, The Law of Zoning & Planning, 14-8.

Nor does the fact that a single district was created of itself establish that the ordinance was not made "in accordance with a comprehensive plan." RSA 31:62. For purposes of this case, the first question transferred is answered in the affirmative.

The defendants question the validity of the amendment relating to mobile homes, because of the minor changes made after the second public hearing. We find nothing in the statute to preclude such changes. Laws 1965, 318:1. The advantage of the second hearing would be substantially lost if further improvements of a proposed ordinance could not be made as a result of such a hearing. We are of the opinion that the changes here involved did not operate to invalidate the action taken at the 1966 meeting. See *Schadlick* v. *Concord,* 108 N. H. 319.

Minimum construction standards for mobile homes may be established in accordance with the provisions of RSA 47:22a ( supp ). Restricting the location of mobile homes, and even excluding them by town ordinance is commonplace ( *Wyoming* v. *Herweyer,* 321 Mich. 611; *Cooper* v. *Sinclair,* ( Fla. ), 66 So. 2d 702; *Vickers* v. *Township Committee of Gloucester,* 37 N. J. 232 ) and has been upheld as promoting the health, safety and general welfare of the community. *Hornstein* v. *Lovett,* ( Ga. ), 144 S.E. 2d 378. The regulation of mobile homes is a proper exercise of the police power of the town. See *Jaffrey* v. *Heffernan,* 104 N. H. 249.

The statute requires adoption of an amendment by a two-thirds vote in the event of protest "signed by the owners of twenty percent . . . of the area of the lots included in such proposed change," which in this case is the area of the town. RSA 31:64 ( supp ). Subject to the finding of the Trial Court with respect to

satisfaction of the requirements of RSA 31:64 ( supp ), the amended ordinance is enforceable against the defendants and others similarly situated.

*Remanded.*