Rye Municipal Court,
No. 5722.

STATE

*v.*

ERIC ZETTERBERG & a.

Argued April 2, 1968.
Decided July 17, 1968.

*Griffin, Harrington, Brigham & Taylor (Mr. Lindsey R. Brigham* orally ), for the town of Rye.

*Norman E. D'Amours,* Assistant Attorney General, for the State.

*Shaines, Madrigan & McEachern ( Mr. Paul M. McEachern* orally ), for the defendants.

LAMPRON, J. Criminal complaints alleging that each defendant on July 12, 1967 at approximately 5:55 P.M. did commit the offense of surfing " in violation of the Town Ordinance and Article 14 of the Town Warrant adopted at the March 1967 Town Meeting." Trial before *Gerald F. Giles,* Justice, resulted in a finding of guilty in each case and an imposition of a fine of $10. Each defendant's exceptions to the denial of his mo-

tions to dismiss, on the grounds that the complaint did not set forth an offense, that article 14 was not penal in nature and its violation was not a crime, and that the town did not have jurisdiction to regulate conduct in public waters, such as the Atlantic Ocean, were reserved and transferred.

On March 9, 1954, the town of Rye adopted "An Ordinance Regulating The Uses Of Public Sea Beaches and Recreational Areas Within The Town Of Rye." Section 9 thereof provides as follows: "Any person violating this ordinance shall be fined not more than Ten Dollars for each violation thereof." Article 14 of the warrant for the annual town meeting to be held March 14, 1967 read as follows: "To see if the Town of Rye will vote to amend or add to the Beach Ordinance approved by the Town at the March 1954 Town Meeting as follows." It then described an area of beach which was to be set aside as a surfing area for the exclusive use of surf boards between the hours of 9 A.M. and 6 P.M. from June 1 until September 15.

After being subjected to motions to amend, some of which were defeated and others adopted, article 14 was adopted in the following form as reported by the town clerk: "Between the hours of 9 A.M. and 6 P.M. from June 1 until September 15 that area of the beach beginning at the northernmost boundary of Sawyer's Beach so-called and going in a southerly direction for a distance of 100 yards be set aside as a surfing area for the exclusive use of surfboards and that suitable markers be erected designating the area as such. This area shall be set aside as the only surfing area in the Town of Rye and for the exclusive use of surfboards."

The parties agreed to the following statement of facts:

"The defendants were sighted upon surfboards in the Atlantic Ocean off Rye, New Hampshire at approximately 5:55 P.M. on July 12, 1967. They were approximately 100 to 300 yards from the shoreline. The shoreline nearest the defendants ran along private property, adjacent to Jenness Beach, so-called.

"The public surfing area referred to in Article 14, so-called, of March, 1967 was approximately 600 yards to the south along the shoreline from where the defendants were seen.

"The defendants were aware of the existence of Article 14 of the 1967 Annual Town Warrant and knew the location of the area where surfing was specifically permitted."

Defendants contend that the complaints against them do not

allege behavior punishable by fine and consequently do not charge them with the commission of a crime. Article 14 of the town warrant called for action at the March 1967 annual meeting to amend or add to the beach ordinance approved at the town meeting of March 1954. Section 9 of the latter ordinance provides that "Any person violating this ordinance shall be fined not more than Ten Dollars for each violation thereof." The complaints charged a violation of this ordinance and of article 14 adopted at the 1967 meeting. The fact that the latter itself did not provide a penalty does not prevent its violations from constituting a crime because the penalty for the violation of the beach ordinance of which it became a part would apply. See *State* v. *Waterhouse,* 71 N. H. 488.

The amendment is so worded as to reasonably convey the information that from June 1 to September 15 surfing at "Sea Beaches" in the town of Rye was to be confined during the specified hours and to the designated beach which is to be the only area for surfing in the town. Consequently the ordinance cannot be found too indefinite to meet legal requirements. *State* v. *Cox,* 91 N. H. 137, 143; 21 Am. Jur. 2d, Criminal Law, *s.* 17, *p.* 97. As it is made a part of the existing ordinance the latter's penalty clause would apply to violations of the surfing provisions. *Id., s.* 16, *p.* 96.

The complaints which charged the defendants with surfing at a specified location in Rye other than that which was declared by the amendment to be the only surfing area in the town at that time adequately stated the essential elements of the offense charged. *State* v. *Webster,* 105 N. H. 415, 417. Defendants' motions to dismiss on the grounds that the complaints did not set forth an offense and that the amendment under article 14 was not penal in nature and its violation not a crime were properly denied.

The defendants also contend that the town of Rye is without authority to regulate the activity complained against since the acts occurred in the Atlantic Ocean adjacent to private property.

From the record before us, the defendants do not appear to be littoral owners of the private property adjacent to which the surfing complained of took place. Consequently, it is unnecessary to the decision of this case, and we do not pass on the question of the extent of the ownership and of the nature of the rights and privileges of littoral owners with respect to the beach

which adjoins their properties. See *Clement* v. *Burns,* 43 N. H. 609; *Concord Co.* v. *Robertson,* 66 N. H. 1, 27; 3 American Law of Property, *ss.* 12.32, 12.34, *pp.* 266, 267, 273, 274.

For the purposes of this case, the State of New Hampshire had full power and control over the area in which these acts occurred subject only to the power of the United States Government to act, to the extent necessary, in the interest of interstate or foreign commerce. See *Borough of Wildwood Crest* v. *Masciarella,* 51 N. J. 352; *Michaelson* v. *Silver Beach Improvement Ass'n Inc.,* 342 Mass. 251, 253; *Parker* v. *Price,* 411 S.W. 2d 12 (Ark. 1967). See Annot. 91 A.L.R. 2d 857, 859. However, while "general statutes must be enacted by the Legislature, it has long been the law in this state that the power to make local regulations having the force of law in limited localities, may be committed by the Legislature to other bodies representing people of local districts or to the people themselves." *State* v. *Rogers,* 105 N. H. 366, 371.

Towns are empowered by statutory authority (RSA 31:39) to make by-laws for a variety of purposes. "These generally fall into the category of health, welfare and public safety." *State* v. *Jenkins,* 102 N. H. 545, 546; 3A Antieau, Local Government Law, *s.* 30A-09 (1967). Although regulation of surfing is not specifically authorized by the above statute, we hold that such a safety measure as the present amendment to the beach ordinance of the town of Rye is impliedly permitted by the grant of authority to "make by-laws for the . . . use of the public . . . parks, commons . . . and other public institutions of the town." RSA 31:39. Such local regulations, however, must not be inconsistent with laws adopted by the Legislature. *State* v. *Paille,* 90 N. H. 347, 349; *Leavitt* v. *North Hampton,* 98 N. H. 193, 197. No such inconsistent law has been brought to our attention. We hold therefore that the defendants' motions to dismiss on the ground that the town of Rye did not have jurisdiction to regulate surfing in that part of the Atlantic Ocean were properly denied. See *People* v. *Bianchi,* 155 N. Y. S. 2d 703.

*Exceptions overruled.*

DUNCAN, J., dissented; the others concurred.