Rockingham,
No. 5993.

### TOWN OF GREENLAND

*v.*

### ROBERT HUSSEY and CLAYTON LAMB.

June 2, 1970.

*Boynton, Waldron & Dill ( Mr. Richard E. Dill* orally ), for the plaintiff.

*Gerald F. Giles* ( by brief and orally ), for the defendants.

GRIFFITH, J. This is a petition to enjoin the defendants from locating a mobile home on land owned by defendant Hussey in the residential district of the town of Greenland as set forth in the Revised Zoning Ordinance of the town. Whether an injunction should issue was reserved and transferred without ruling on an agreed statement of facts by the Trial Court, *Dunfey,* J.

The town of Greenland is a rural community approximately 13 square miles in area with a population in the 1960 census of 1,196. On March 12, 1952 a zoning ordinance was adopted by the town which provided for three districts in the town; residential, commercial and industrial. The industrial and commercial districts are limited to relatively small areas in the town largely adjoining the main road that bisects the town. All the remainder of the town has been zoned residential. Although the ordinance originally permitted the establishment of parks to accommodate mobile homes in both the industrial and commercial zones by amendment the only zone now available for mobile homes is in parks in the commercial zone. While it does not

appear whether or not any application has ever been made to establish such a park none is now authorized in the town.

Article IV, 11 of the Zoning Ordinance provides that: " No auto trailer, tourist park or camp site or motel shall be permitted in any residential district, nor shall any tent, cabin, trailer, mobile house or other similar structure or device be used or occupied as and for living accommodations in any single residence district. "

Article VII of the Zoning Ordinance provides for trailer and mobile home parks and paragraph 5 of this section reads as follows: " No trailer, house trailer or mobile home may be installed on any lot in any district by the owner of said lot, for his own occupancy or the occupancy of others save that the Board of Selectmen for good cause shown may grant a permit for the same for not more than three months at one time, and not more than one year together. It is the intent of this section solely to permit a person owning a lot to occupy such a trailer as a temporary home while engaged in the construction or re-construction of his own domicile. "

The town of Greenland by ordinance also provides for the regulation of all building in the town and requires as a condition of all new construction the obtaining of a permit from the building inspector. Sometime in 1968 defendant Lamb applied for permission to install a mobile home on land owned by defendant Hussey. The application was denied and no appeal was taken but Lamb began preparation for the installation of the mobile home consisting of digging a well, preparing for the installing of a septic tank system and preparing the site for the mobile home. Plaintiff brought a petition to enjoin the erection of the mobile home and at the hearing scheduled on the granting of a temporary injunction September 19, 1968 it was agreed that an agreed statement of facts would be prepared for transfer to this court. Prior to the agreement on the facts which was reached June 3, 1969 the defendants completed the installation of the mobile home on the property in question which is located in a residential district.

We assume, as the parties appear to, that the question transferred is whether or not on the agreed statement of facts plaintiff is entitled to an injunction requiring defendants to remove the mobile home. The plaintiff in its brief argues that the defendants are in violation of the Building Ordinance and the Zoning Ordinance and that the latter is a constitutional exercise of the powers of the town. Defendants do not deny that they are in violation

of the Building Ordinance but argue that the Zoning Ordinance does not apply to a mobile home permanently erected on a site and that in any event the exclusion of mobile homes from the residential district is unconstitutional. While it would appear that the plaintiff is entitled to have the injunction issue by reason of the agreed violation of the Building Ordinance, it would appear that refusal of the permit was based upon the Zoning Ordinance and therefore we consider the arguments with reference to its application here.

Defendants argue that the mobile home here has been permanently installed and accordingly is no longer a mobile home within the meaning of the ordinance. While the agreed facts do not set forth whether or not the installation is permanent, pictures transferred as exhibits show the wheels of the mobile home removed and it resting on pilings so that it quite apparently is not presently moveable. The argument presents the question of what the town meant when it passed the ordinance. *Manchester* v. *Webster,* 100 N.H. 409, 410, 128 A.2d 924, 925. Was the intention to exclude mobile homes permanently attached to the land or only those with wheels attached and still capable of movement. Neither the language of the ordinance nor the character of mobile homes argues for the narrow interpretation urged by the defendants. The ordinance excludes " any tent, cabin, trailer, mobile house or other similar structure or device " language from which no requirement of mobility can be inferred.

We conclude that the ordinance excludes mobile homes from the residential districts of the town whether with or without wheels. *Town of Manchester* v. *Phillips,* 180 N.E.2d 333, 336 ( Mass. 1962 ); *Town of Brewster* v. *Sherman,* 180 N.E. 338 ( Mass. 1962 ); *Wright* v. *Michaud,* 200 A.2d 543 ( Me. 1964 ). Cases in which an apparent contrary result has been reached appear to emphasize ordinance definitions referring to the mobility of the structure rather than the commonly understood meaning of mobile home and are not persuasive. *Douglass Township* v. *Badman,* 206 Pa. Super. 390; *Lescault* v. *Zoning Board of Review of Cumberland,* 91 R.I. 277, 162 A.2d 807; *Morin* v. *Zoning Board of Review of Town of Lincoln,* 232 A.2d 393 ( R.I. 1967 ). The fact that a mobile home has been held to be a residence under some ordinances does not affect the result here since it may be both. *See State* v. *Dean,* 109 N.H. 245, 247, 248 A.2d 707, 708.

The defendants' claim that the ordinance is an unconstitutional

limitation on mobile homes in the town of Greenland raises essentially the same question considered in *Plainfield* v. *Hood,* 108 N.H. 502, 240 A.2d 60. There we held an ordinance restricting mobile home parks to one in addition to such as were in existence on the date of the adoption of the ordinance a valid exercise of the police power of the town. Id. 506. Defendants here claim that the area available for mobile home parks represents such a small portion of the land area of the town as to amount to an exclusion. Defendants have not attempted to install a mobile home within the framework of the ordinance by establishing a mobile home park. On the basis of the agreed facts it cannot be asserted that defendants are barred by the zoning ordinance from installing a mobile home in the town and their exclusion from residential zones is proper. *Plaintiff* v. *Hood, supra.*

On the basis of the agreed statement of facts an injunction may be issued.

*Remanded.*

All concurred.