Goffstown District Court,
No. 6159.

NEW BOSTON

*v.*

GEORGE COOMBS.

December 7, 1971

*Nixon, Christy & Tessier* ( *Mr. David L. Nixon* orally ) for the town of New Boston.

*Enright, Lizotte & Drescher* ( *Mr. William R. Drescher* orally ) for the defendant.

*Warren B. Rudman,* Attorney General, *Richard A. Hampe,* Assistant Attorney General ( *Mr. Hampe* orally ), for the State of New Hampshire, amicus curiae.

DUNCAN, J.   On January 20, 1970, the defendant was convicted of violation of an ordinance of the town of New Boston. By leave of the Goffstown District Court he thereafter filed a motion to dis-miss upon the ground that the ordinance is unconstitutional and invalid. The motion was denied, and the questions of law presented by the motion were reserved and transferred by *Hedley G. Pingree,* Justice. RSA 502 - A:17 - a( supp. ).

The ordinance in question was adopted in 1965 and amended in 1968. It establishes regulations with respect to private dumps, motor vehicle or machinery junk yards, house trailers and mobile homes, and advertising signs and billboards. The sections relating to house trailers and mobile homes prohibit location of a mobile home within the town, except upon permit to be issued by the selectmen upon compliance with prerequisites set forth in the ordinance.

The defendant applied for such a permit and it was denied. Without seeking relief from this denial, the defendant proceeded to locate a mobile home within the town as proposed by his ap-plication. This complaint was then brought and prosecuted. The defendant was found guilty of violation of the ordinance and the

following order was entered: "Trailer to be removed prior to February 1, 1970, or fine of $10.00 per day thereafter."

The defendant attacks the ordinance upon grounds that it was beyond the authority of the town to enact, that it is unconstitutionally vague for want of standards governing the issuance of permits, and that it violates due process and equal protection of the law.

The ordinance requires a written application for a permit and a hearing thereon, after notice to abutters and by publication. It provides in part that no permit shall issue "unless the Selectmen find the location and maintenance of the . . . mobile home . . . at the proposed site . . . to be consistent with all applicable purposes of this Ordinance, as set forth in Paragraph 1 hereof". *S.* 4, A. These purposes include advancement of public health, safety, and morality; conservation of private property values; encouragement of appropriate use of land; facilitation of water supplies and sewerage disposal; prevention of nuisances and fire hazards; and preservation of the attractiveness and general welfare of the town. *S.* 1. The selectmen are directed to consider these purposes as guides for the exercise of discretion in passing upon matters arising under the ordinance. *S.* 1. *Cf. Biron* v. *New Ipswich,* 111 N.H. 343, 283 A.2d 683 ( 1971 ).

As the defendant points out, the considerations advanced by section 1 of the ordinance are in some respects akin to those set out in the statute authorizing the enactment of zoning ordinances. RSA 31:60, 62. However, section 1 of the ordinance recites that it was enacted pursuant to RSA 31:39, and it does not purport to be a zoning ordinance, or to establish zones within the town. *Cf. Bisson* v. *Milford,* 109 N.H. 287, 249 A.2d 688 ( 1969 ). Nor does the town seek to sustain it as a zoning measure.

We agree with the town that the ordinance was within its power to enact, and is not to be invalidated as ultra vires. Long before zoning ordinances were heard of, towns were authorized in the exercise of the police power to enact rules, orders and bylaws deemed conducive to the welfare, interest, and good order of the town and its inhabitants. *Piper* v. *Meredith,* 110 N.H. 291, 296, 266 A.2d 103, 107 ( 1970 ), and cases cited; *see Brown* v. *Carlisle,* 336 Mass. 147, 142 N.E.2d 891 ( 1957 ). While the regulation of private dumps, junk yards, and billboards has been sanctioned by more specific statutory authority than regulation of mobile homes ( RSA ch. 147; RSA 267-A:12; *Lachapelle* v. *Goffstown,* 107 N.H. 485, 489, 225 A.2d 624, 627 ( 1967 ).

*But see* RSA 47:22-a)), the provisions of RSA 31:39 furnish adequate authorization for the type of regulation called in question by this case. *See also* RSA 31.4; *State* v. *Zetterberg,* 109 N.H. 126, 244 A.2d 188 (1968).

The defendant's attack upon the ordinance also centers upon specific provisions requiring the selectmen to "take into consideration the opinions" of all persons taking a position at the hearing, and to give "particular significance to the consent or objections" of abutters and owners of neighboring properties. The ordinance however does not purport to require that a decision by the selectmen shall be "controlled or unduly influenced" by these considerations (*Sundlun* v. *Zoning Board,* 50 R.I. 108, 145 A. 451 (1929)), and its provisions are not open to the objections of unconstitutionality, or lack of authority under the zoning statute, which were presented in *Robwood Adv. Assoc.* v. *Nashua,* 102 N.H. 215, 153 A.2d 787 (1959), and *Ackley* v. *Nashua,* 102 N.H. 551, 163 A.2d 6 (1960). Nor is the ordinance so vague as to furnish no valid standards to guide the selectmen in its administration. *Deering* v. *Tibbetts,* 105 N.H. 481, 202 A.2d 232 (1964); *Bethlehem* v. *Robie,* 111 N.H. 186, 278 A.2d 345 (1971).

The ordinance is not invalid upon its face, and the record furnishes no reason to invalidate its application to the plaintiff. The basis upon which the permit was denied does not appear from the record. Absent any record of the evidence upon which the selectmen acted, we cannot presume that their denial of the application violated requirements of due process or equal protection. Mobile homes present problems properly subject to regulation under the police power (*Plainfield* v. *Hood,* 108 N.H. 502, 240 A.2d 60 (1968)), and the record in this case fails to sustain the defendant's burden to show that the denial of a permit was so arbitrary and unreasonable as to violate his constitutional rights. *State* v. *Grant,* 107 N.H. 1, 216 A.2d 790 (1966); *State ex rel. Wilkerson* v. *Murray,* 40 U.S.L.W. 3087, 3164 (Mo. 1971); *State* v. *Albro,* 102 R.I. 410, 231 A.2d 1 (1967); *Rezler* v. *Village of Riverside,* 28 Ill.2d 142, 150, 190 N.E.2d 706, 711 (1963); 2 Anderson, American Law of Zoning s. 11.49 (1968).

The penalty of ten dollars provided by section 6 of the ordinance was specifically authorized by R.L. 51:32, as amended by Laws 1945, 133:4 and is not unconstitutional on its face. Other issues briefed by the defendant which question the validity

of the requirement of temporary and annual permits, and which dispute the authority of the court to impose the sentence ordered in this case were not presented by the motion to dismiss, and are therefore not within the scope of the questions transferred.

*Remanded.*

All concurred.