Hillsborough
No. 6736

TOWN OF WEARE

v.

ROLAND J. STONE *& a.*

January 31, 1974

*Hatfield & Howard* and *Lloyd N. Henderson (Mr. Henderson* orally) for the plaintiff.

*Maynard, Dunn & Phillips* for defendants filed no brief.

PER CURIAM. By this petition for injunctive relief the town of Weare seeks to compel the removal of a mobile home maintained in the town by the defendants contrary to the provisions of a town bylaw. The town's request for a temporary injunction was denied but the defendants were ordered to make no changes in the trailer or its site pending transfer to this court. All questions of law raised by the pleadings and by the agreed statement of facts were reserved and transferred by the Superior Court, *King*, J.

The Weare mobile home bylaw, enacted by the 1969 annual town meeting, provides in pertinent part: "A. No Trailers or Mobile Homes, used for dwelling purposes shall hereafter be constructed, erected, maintained, located or re-located within the Township of Weare, N.H. unless the same shall be located within a duly licensed Trailer or Mobile Home Park." Other provisions authorize the selectmen to grant exceptions, after public hearing.

The selectmen, aware of defendants' plans for moving a mobile home into the town, sent a letter dated November 20, 1972, to defendant Roland Stone informing him of this ordinance and enclosing a copy thereof. On or about December 5, Roland sent a letter to the selectmen requesting permission to place a mobile home on land of defendants Earl and Theresa Stone in Weare. Without waiting for a response, defendants on or about December

7 installed the trailer in the location requested. On December 13 the town brought the present action.

In the absence of a brief or oral argument for the defendants, their contentions must be gathered from the pleadings and the agreed statement of facts. This court has repeatedly held that "[a] town may properly seek to regulate and restrict the location of mobile homes". *Londonderry v. Faucher*, 112 N.H. 454, 456, 299 A.2d 581, 583 (1972); *New Boston v. Coombs*, 111 N.H. 359, 284 A.2d 920 (1971); *Greenland v. Hussey*, 110 N.H. 269, 266 A.2d 122 (1970). Such regulation has been upheld as an exercise of the police power provisions of RSA 31:39 (Supp. 1972). *New Boston v. Coombs supra*. "'The most common and the most widely accepted type of regulation of residential trailers is that which confines them to established trailer parks or camps'". *Londonderry v. Faucher, supra* at 456, 299 A.2d at 583, quoting 58 Am. Jur. *Zoning* § 63, at 161 (1972 Cum. Supp.); *The Village House, Inc. v. Town of Loudon*, 114 N.H. 76, 314 A.2d 635 (1974).

The defendants' answer appears not to question the town's authority to adopt the 1969 ordinance, and the agreed statement of facts establishes that it was properly enacted at a regular town meeting. The answer alleges defendants' ignorance of the enactment, and the town's failure to enforce it. Neither allegation can constitute a valid defense. No conscious intentional discrimination in enforcement is alleged. *See* 16 Am. Jur. 2d *Constitutional Law* § 541 (1964).

A proposed ordinance which would have provided more comprehensive regulations of mobile homes and other uses was included in the warrant for the 1972 annual town meeting, but was defeated. No action was taken which would suggest repeal of the 1969 measure. "By-laws ... continue in force until altered or annulled by vote of the town or by law." RSA 31:43.

On the basis of the record, the plaintiff is entitled to appropriate relief.

*Remanded.*