291 So.2d 40 (1974)
CITY OF SOUTH MIAMI, a Municipal Corporation, Appellant,
v.
SHIRLEY HOMES, INC., a Florida Corporation, et al., Appellees.
No. 73-589.
District Court of Appeal of Florida, Third District.
February 12, 1974.
*41 Edward N. Moore, Miami, for appellant.
Robert M. Brake, Coral Gables, for appellees.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
CARROLL, Judge.
The properties involved in this case are in the City of South Miami. They consist of two non-contiguous lots, each having 40 foot width (frontage), in an area of the city zoned for single-family residences. Under the city's zoning ordinance the minimum width of lots for construction of residences is 75 feet. Provision is made in the zoning ordinance for the granting of variances, but an application therefore is required to be accompanied by consents of at least 20% of the owners of properties lying within a radius of 300 feet from that for which the variance is sought.
The lots are owned by the appellees John G. Dewar and his wife Ruth A. Dewar. In May of 1972, while the above zoning regulations were in effect, the owners entered into a contract with the appellee Shirley Homes, Inc., for sale of the lots to the latter, conditioned upon the city issuing permits for construction of a single-family residence on each of the lots.
An application by the owners for such building permits was refused by the city, on July 12, 1972, for failure of the lots to have the required width. The owners attempted to, but were unable to obtain consents therefor from the required owners of nearby properties. Application to the city for a variance without such consents was rejected because of the absence thereof, and the application for variance was not considered and passed on on its merits.
Thereafter the appellees filed this action in the circuit court, relating the circumstances, and praying that the city be enjoined from "interfering with construction of single-family residences on the property by plaintiffs," and (presumably by mandatory injunction) to order the city to issue such building permits.
Following trial before the court, a judgment was entered from which this appeal was taken by the defendant city. Therein the court denied as premature the injunctive relief prayed for. That ruling *42 was correct, since the city had not considered and ruled on the application for a variance on the merits thereof. The cross-assignment of error directed by the appellees to that ruling of the trial court is held to be without merit.
Under the prayer for general relief the trial court in such judgment held to be unconstitutional and invalid the provision of the zoning code conditioning applications for variance upon the obtaining of such 20% owner consents. In addition, the court retained jurisdiction "to consider any petition which may be filed by any aggrieved party for any reason whatsoever in connection with the subject matter of this action."
Provision in a zoning ordinance that an application for variance must be accompanied by consents of a percentage of owners of properties within a limited area of the subject property, has been held to be proper where notwithstanding such obtained consents the decision as to whether the variance will be granted rests with the governing body. As examples see Robwood Advertising Assoc., Inc. v. City of Nashua, 1959, 102 N.H. 215, 152 A.2d 787, 789; City of Stockton v. Frisbie & Latta, 93 Cal. App. 277, 270 P. 270, 277-278. See also 101 C.J.S. Zoning § 43, pp. 752, 753; Anno. 21 A.L.R.2d 551.
It would not appear to be an unreasonable exercise of police power for a zoning ordinance to so provide, with reference to an application for a variance as to property that is capable of being used for the purpose or purposes for which it is zoned, and where by the application it is sought to obtain some variation or extension of such use or even a different use from that which is authorized for the property under the existing zoning.
This case does not present that situation. These 40 foot lots are not useable for any construction other than single-family residences, since they lie in an area of the city so zoned. The further zoning requirement for a minimum width of 75 feet for a lot upon which a residence is to be constructed, makes these lots unuseable for the only purpose for which the zoning would permit their use. In this particular situation, we agree with the trial court that an application for a variance to enable the owners to make some use of the lots consistent with the general zoning of the area should not be precluded by the owners' inability to obtain the required consents of other owners of nearby properties. For the city to insist on the legal requirement for such consents with reference to a variance application in the circumstances applicable to these 40 foot lots would be unconscionable.
It is a maximum equity, that equity will enjoin the unconscionable exercise of a legal right. Therefore, we affirm the judgment to the extent it holds that the 20% owner consent provision, as a condition for applying for a variance, is inapplicable with reference to these 40 foot lots in a single-family residential zoned area. To the extent that the judgment purports to declare the 20% owners' consents requirement as contained in the zoning code is invalid as such, and for all purposes, the judgment is disapproved and reversed, for the reasons indicated above in this opinion.
The effect of the trial court's judgment, as here affirmed in part, is that the owners of the lots in question are entitled to apply to the city for variance without the necessity of supplying the 20% owner consents referred to in the zoning ordinance. Paragraph five of the judgment, retaining jurisdiction, is modified to retain jurisdiction only for the purpose of enforcing the holding that the 20% owners' consents shall not be required as a condition precedent to the city entertaining a variance application by the owners of the subject lots. Since the city had not passed on the merits of an application for a variance on these lots, there was no basis for the court to retain jurisdiction to review any future decision the city might make on some later application for a variance involving these lots. If, following hearing *43 by the city of an application for variances thereon, a decision made by the city is one which a party aggrieved thereby desires to have reviewed, the method for its review would be by the timely filing of a petition for certiorari directed thereto, constituting an original proceeding in the circuit court. State v. Furen, Fla. 1960, 118 So.2d 6.
The judgment is affirmed in part and reversed in part, as and in the respects set out herein.