Rockingham
No. 88-167

ROBERT DEVANEY

v.

TOWN OF WINDHAM

October 9, 1989

*Ignatius R. J. Piscitello, Sharon J. Rondeau, Charles L. Lonardo* and *John D. Hodges, Jr.,* of Lawrence, Massachusetts (*Mr. Piscitello* and *Ms. Rondeau* on the brief, and *Mr. Hodges* orally), for the plaintiff.

*Soule, Leslie, Zelin, Sayward & Loughman,* of Salem (*Barbara F. Loughman* and *Diane M. Gorrow* on the brief, and *Ms. Loughman* orally), for the defendant.

BATCHELDER, J. The plaintiff, Robert Devaney, appeals the Superior Court's (*Mangones,* J.) order affirming the zoning board of adjustment's (ZBA) denial of both a variance and a rehearing and its granting of the defendant Town of Windham's (the Town) request for injunctive relief. The injunction requires the plaintiff to return his home to "exterior dimensions which substantially comport with dimensional requirements of the Town of Windham zoning ordinance." We affirm.

The plaintiff acquired the premises at issue here, located at 64 Turtle Rock Road in Windham, on May 16, 1970, by warranty deed. The lot measures 50 feet wide throughout, and 157 feet on one side

and 173 feet on the other side. It is physically insufficient to meet the Town's present 30-foot side set-back requirement, as the lot has a total width less than the total of the two side setbacks. Plaintiff's lot was occupied by a summer camp in 1970. At that time the camp had one floor with a shallow-peaked roof and an unoccupied attic. The camp was a nonconforming use under the Town's then-existing zoning ordinances, since it could not meet the side set-back requirement.

In the summer of 1980, the plaintiff began remodeling his camp without a building permit. He was apparently knowledgeable about town and State permit requirements, having done previous wiring and building work in Windham and having previously been engaged in the construction business. After receiving a cease and desist letter from the Town on July 7, 1980, the plaintiff obtained two building permits. One was a permit to construct a chimney; the other was a foundation permit. The foundation permit authorized the installation of a 24-by-36-foot foundation under the existing structure, with an estimated cost of $500. He obtained no other permits or variances.

Over the next six years the plaintiff added a second story and attic, constructed a new roof and a gable, poured a new 13-by-18-foot foundation in addition to constructing a two-story structure above it, installed an unapproved septic system on the lot, without State or local permits, and performed electrical work in the camp, again with no permit. As a result of this work, the plaintiff increased the height of the camp by eight to ten feet; and increased the volume of it substantially, which resulted in the building's being closer to the property lines. The larger structure thus obstructed abutter Christine DeCamp's view of the nearby lake and her view of sunsets, as well as decreasing the overall amount of sunlight on her property.

In 1986, the Town again ordered the plaintiff to cease and desist his construction and notified him that a permit and/or variance was required for the construction. The ZBA denied plaintiff's subsequent variance request because it found that (1) a diminution in the value of the surrounding property would occur, (2) no hardship would be suffered if the variance were denied and (3) plaintiff's use would not be within the spirit of the zoning ordinance. On September 2, 1986, the ZBA denied plaintiff's request for a rehearing. He nevertheless continued renovating his home after he received the cease and desist letter and after the variance was denied, including remodeling the interior and doing wiring work. On October 16, 1986, plaintiff appealed the ZBA's denial of his

rehearing request and on October 30, 1987, the Town filed a cross-motion for injunction. After trial in the superior court and a view of the property, the trial court dismissed plaintiff's appeal and granted injunctive relief.

Plaintiff argues on appeal that (1) the trial court abused its discretion in ordering him to comply with the Town's zoning requirements and (2) the Town failed to take reasonable steps within a reasonable period of time to enforce its zoning ordinance. The plaintiff's vested rights doctrine argument has been waived, and we do not discuss it.

Plaintiff first argues that the trial court abused its discretion in ordering him to "return his home to exterior dimensions which substantially comport with" the Town's zoning ordinance. The plaintiff contends that the order requires him to raze his entire house, including both the construction he did in the 1980's and the prior nonconforming structure. The Town argues that the order merely requires him to remove the work he did in the 1980's, and that the prior nonconforming use may be maintained. The Town has the better of this argument.

Plaintiff's original summer camp existed as a nonconforming use. The trial court, recognizing the protection given to nonconforming uses, *see New London Land Use Assoc. v. New London Zoning Board*, 130 N.H. 510, 516, 543 A.2d 1385, 1387 (1988), has not ordered the plaintiff to raze his camp: "The Court understands that the within order requires plaintiff to remove or demolish a *substantial* part of his homeplace." (Emphasis added.) The order requires plaintiff to return his home only to the size in which it existed lawfully as a prior nonconforming use.

Plaintiff goes on to argue that even if the order is construed to require him to return his home to its prior condition as a nonconforming use, such a requirement prevents the natural expansion of the prior nonconforming use. This argument is without merit. Although a natural expansion of a nonconforming use may be allowed, any permitted expansion is limited. *See New London, supra* at 516–17, 543 A.2d at 1388. The property owner must show that the expansion is not so great that it constitutes an entirely new use, thus violating the intent of the town's zoning ordinance. *See Town of Hampton v. Brust*, 122 N.H. 463, 468, 446 A.2d 458, 460–61 (1982). It is an impossible stretch of the imagination to call plaintiff's construction on his camp a natural expansion when it increased the volume of the premises substan-

tially, added eight to ten feet to the premises' height via a new second story and brought the premises closer to the property lines.

 Moreover, the trial court did not abuse its discretion in upholding the order of the ZBA denying the plaintiff's request for a variance for his construction. We will not overturn the trial court's findings "unless they are unsupported by the evidence or erroneous as a matter of law." *Alexander v. Town of Hampstead*, 129 N.H. 278, 284, 525 A.2d 276, 280 (1987) (citing *Claridge v. N.H. Wetlands Bd.*, 125 N.H. 745, 748, 485 A.2d 287, 289 (1984)). The Town's Zoning Ordinance and Land Use Regulations provide:

"A non-conforming use may continue provided that:
A. No increase in the extent of the non-conforming use of a structure or land shall be made, except when a variance has been granted by the Board of Adjustment as provided in Section IX.

Any increase in area and/or volume of a structure on a non-conforming lot shall be considered an expansion of a non-conforming use and shall require a variance."

Section IV(A).

Under this ordinance, the enforceability of which is not before us, a party seeking a variance must show the following: (1) no diminution in the value of surrounding properties will result; (2) granting the permit will benefit the public interest; (3) denial of the permit will result in unnecessary hardship to the party; (4) granting the permit will do substantial justice; and (5) the use will not be contrary to the spirit and intent of the ordinance. *Rowe v. Town of North Hampton*, 131 N.H. 424, 427, 553 A.2d 1331, 1333 (1989); *Biggs v. Town of Sandwich*, 124 N.H. 421, 427, 470 A.2d 928, 932 (1984).

 The ZBA denied the plaintiff a variance because (1) the variance would diminish the value of surrounding property, (2) plaintiff had not demonstrated that denial of the variance would result in unnecessary hardship to him, and (3) the variance would not be within the spirit and intent of the ordinance. The testimony of the plaintiff and abutter Christine DeCamp shows that plaintiff's construction blocked a significant portion of Ms. DeCamp's view of the water, blocked her view of sunsets and significantly decreased the amount of sunlight coming into her house. This evidence reasonably supports a finding that granting the plaintiff a variance would result in a lessening of surrounding property values.

■ The trial court could also have reasonably found that the denial of the variance would not result in a hardship, as the property would still be suitable for allowable residential purposes if returned to its prior nonconforming state. *See Governor's Island Club v. Town of Gilford*, 124 N.H. 126, 129, 467 A.2d 246, 248 (1983). The plaintiff's hardship exists in having to tear down his construction and in the financial loss he will suffer in doing so. Also, he and his family will have to suffer the personal hardship of living in a smaller dwelling. The ZBA may not grant a variance based upon such financial hardship, which does not arise from a characteristic of the plaintiff's land, *see Goslin v. Town of Farmington*, 132 N.H. 48, 53, 561 A.2d 507, 510 (1989), nor may it grant a variance based upon such personal hardship, *see Ryan v. City of Manchester Zoning Board*, 123 N.H. 170, 174, 459 A.2d 244, 245 (1983).

Moreover, plaintiff's plight in having to remove work he did without a permit was brought on by his own disregard of permit and variance requirements. Even after the plaintiff was told that his activities violated town ordinances and that he must cease and desist, and after his request for a variance was denied, he continued to renovate his house. He cannot benefit from such a knowing disregard of the law. *See Alexander*, 129 N.H. at 285, 525 A.2d at 281.

■ Finally, the trial court's finding that the variance would violate the spirit and intent of the zoning ordinance was supported by the evidence. One purpose of the setback requirements is to prevent overcrowding on substandard lots. This purpose would be negated if plaintiff were granted the requested variance, as he lives in an overdeveloped area on a substandard lot, and the area contains many such substandard lots.

■ Similarly, the purpose of limiting the expansion of nonconforming uses, and reducing them to conformity as completely and rapidly as possible, would be negated by granting plaintiff a variance. *See New London*, 130 N.H. at 518, 543 A.2d at 1389 (citing 82 Am. Jur. 2d *Zoning and Planning* § 191 (1976)).

■ Plaintiff's second argument on appeal is that the Town failed to take reasonable steps within a reasonable time to enforce its zoning ordinance and is, consequently, estopped from enforcing it against him now. Because the plaintiff presented no evidence to show discriminatory enforcement, *see Alexander*, 129 N.H. at 283, 525 A.2d at 280 (quoting *Weare v. Stone*, 114 N.H. 80, 82, 314 A.2d 638, 639 (1974)), or a pattern of systematic nonenforcement, *see*

*Alexander, supra* at 283–84, 525 A.2d at 280 (citing *State v. Vadnais*, 295 Minn. 17, 19, 202 N.W.2d 657, 659 (1972)), we affirm the trial court's finding that the Town enforced its law in a reasonable time and manner.

*Affirmed.*

All concurred.