Rockingham
No. 91-043

ARANOSIAN OIL COMPANY, INC.

v.

CITY OF PORTSMOUTH

July 27, 1992

*Sheehan Phinney Bass & Green P.A.*, of Manchester (*William J. Donovan* on the brief and orally), for the plaintiff.

*Sharon A. Cuddy*, assistant city attorney, and *Wholey & Pelech Law Office*, of Portsmouth (*Ms. Cuddy* and *Bernard W. Pelech* on the brief and orally), for the defendant and the intervenors.

HORTON, J.   The plaintiff, Aranosian Oil Company, Inc. (Aranosian), appeals the decision of the Superior Court (*Gray*, J.) upholding the Portsmouth Zoning Board of Adjustment's (ZBA) denial of Aranosian's motion for rehearing. The motion for rehearing concerned

the ZBA's denial of Aranosian's request for a variance authorizing the already completed conversion of a portion of its existing grocery store/gas station to a convenience store. Aranosian raises two issues on appeal. First, it asserts that the City of Portsmouth (the City) is estopped from enjoining the operation of the convenience store because Aranosian, relying upon the building permit issued by the City, incurred $45,000 in remodeling costs for the conversion. Second, it maintains that its remodeling project was not an expansion of a nonconforming use and that, therefore, no variance was required. Because we determine that estoppel applies to the facts of this case, we reverse.

On December 15, 1989, Aranosian submitted a building permit application to the Portsmouth building department, seeking to eliminate the service bay area of its grocery store/gas station and to replace it with beverage coolers and a convenience store customer sales area. The application listed the existing use as "gasoline sales/ snack shop" and the proposed use as "gasoline sales/'C' store." After reviewing the adequacy and completeness of the application, the zoning officer asked Aranosian to submit more detailed drawings of the proposed project. Consequently, additional drawings were filed with the building department on December 18, 1989. These plans depicted the addition of large cooler units to the existing service bay area and the elimination of the overhead doors. The plans also specifically identified the remodeled area as the "convenience store sales area."

The building permit was approved by the necessary authorities, including the zoning officer, and was subsequently issued on January 3, 1990. Aranosian completed the work as it appeared on the plans at a cost of $45,000. Grocery store operations continued until May 3, 1990, when the City ordered that "all work in progress as a result of the January 3rd permit be ceased at this date and not resumed until such time as a variance, sought from the Portsmouth Board of Adjustment for this expansion, is approved." The City's reason for the cease and desist order was that the building permit had been issued in error because "[i]t was not realized that the service bays would be abandoned to accomodate [sic] the expansion of retail sales."

On May 15, 1990, Aranosian requested a variance from the ZBA. Its request was denied. Aranosian subsequently filed a motion for rehearing, seeking a determination that either no variance was required or, in the alternative, that the granting of a variance would be appropriate. As noted by the trial court, the motion, to the extent that it addressed the lack of need of a variance, was an appeal of an administrative act (the cease and desist order) rather than an asser-

tion of the right to a variance. On September 18, 1990, the ZBA denied Aranosian's requested relief. On appeal to the superior court, Aranosian repeated its previous arguments. Ruling that "the expansion [was] not a legal expansion of a prior legal non-conforming use" and that "the doctrine of estoppel [did not] . . . apply to this situation," the trial court dismissed Aranosian's appeal and upheld the action of the ZBA. This appeal followed.

Under the applicable standard of review, we will uphold the trial court's decision unless it is not supported by the evidence or is erroneous as a matter of law. *Cohen v. Town of Henniker*, 134 N.H. 425, 426, 593 A.2d 1145, 1146 (1991). With this standard in mind, we address Aranosian's first argument that the trial court misapplied the law of estoppel to the facts of this case.

The doctrine of estoppel has been applied to municipalities "'to prevent unjust enrichment and to accord fairness to those who bargain with the agents of municipalities for the promises of the municipalities.'" *Sinclair v. Town of Bow*, 125 N.H. 388, 392, 480 A.2d 173, 176 (1984) (quoting *Wiggins v. Barrett & Associates*, 669 P.2d 1132, 1142 (Or. 1983)). The four elements of estoppel are

> "first, a [false] representation or concealment of material facts made with knowledge of those facts; second, the party to whom the representation was made must have been ignorant of the truth of the matter; third, the representation must have been made with the intention of inducing the other party to rely upon it; and fourth, the other party must have been induced to rely upon the representation to his or her injury."

*City of Concord v. Tompkins*, 124 N.H. 463, 467–68, 471 A.2d 1152, 1154 (1984).

The trial court ruled that:

> "In this case the misrepresentation, if any was made, was made by [Aranosian]. . . . [H]ad the extent of the proposed use been known to the zoning officer, the permit would not, in all likelihood, have been issued. There was no intent by the City that [Aranosian] rely on the issuance of the permit to renovate the premises into a convenience store of the magnitude of the current use."

This ruling, however, is not consistent with either the factual findings of the trial court or the record before it.

The trial court granted Aranosian's requested finding of fact number seven: "No intent to conceal information through the Building

Permit process is indicated by [Aranosian's] conduct in submitting its Building Permit Application." Further, requested finding of fact number two, which was also granted, stated that "[t]he Building Permit Application specifically describes a change in use from a snack shop to a 'C' store by the proposed work."

Moreover, the record does not support any inference of misrepresentation on the part of Aranosian. Instead, it establishes adequate notice of the work and use proposed. The building permit application and the accompanying drawings, contained in the record, indicate that the service bay area was being converted to retail convenience store space. The drawings reveal that the middle of the service bay area was to become the "convenience store sales area." Also shown on the plans is the installation of a "walk in cooler" along the back wall of the service bay area. Both the application and the plans reference the replacement of the overhead service bay doors with storefront windows.

The City reviewed the information provided in the building permit application and accompanying drawings and determined that a building permit should be granted. Four months later, based upon the *same information,* because nothing differed between the plans as submitted and the actual construction, the City attempted to reverse its first decision and revoke the permit. Viewing the exhibits as a whole, the City should have known the extent of the proposed construction; the plans as submitted accurately depicted the remodeling of the service bay area to accommodate retail convenience store sales.

■■ The trial court's ruling that the doctrine of estoppel did not apply was erroneous. First, the City, by issuing the building permit, represented to Aranosian that construction according to the submitted plans was permitted. It knew the details of the proposed project and must be presumed to know its own zoning requirements. Second, Aranosian had no reason to believe that the construction was not permitted and could reasonably have assumed that the conversion of the non-conforming use was permitted. Third, the City expected Aranosian to rely on the building permit and to undertake construction. Fourth, Aranosian relied on the permit, remodelled its building, and incurred a $45,000 expense.

The trial court opinion suggests that the doctrine of estoppel may not apply in an appeal of a denial of a variance, when the need for a variance has been acknowledged. The appropriate challenge to the need for a variance would be to appeal the administrative officer's

action, in this case the cease and desist order. We have, however, considered a claim of estoppel in the context of an appeal from a denial of a variance. *Devaney v. Town of Windham*, 132 N.H. 302, 564 A.2d 454 (1989); *Alexander v. Town of Hampstead*, 129 N.H. 278, 525 A.2d 276 (1987) (estoppel asserted both offensively against denial of variance and defensively against Town's petition for injunction). The doctrine of estoppel cuts across many forms of action. Having been raised in the motion for rehearing, addressed and decided by the trial court, and briefed and argued by both sides, it is a proper issue to be considered in this appeal.

Accordingly, we hold that the four elements of estoppel were present in this case and that the trial court erred in ruling to the contrary. Thus, we reverse and remand to the trial court with instructions that it vacate the cease and desist order issued by the City. Because the estoppel issue is dispositive, we need not reach Aranosian's second argument.

*Reversed and remanded.*

THAYER , J., did not sit; the others concurred.