Merrimack
No. 80-157

RICHARD FISHER

v.

TOWN OF BOSCAWEN

June 10, 1981

*Charles E. Dibble*, of Contoocook, by brief and orally, for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*Robert Upton, II*, on the brief and orally), for the defendant.

KING, J. The issue in this case is whether a zoning board of adjustment that denies an application for a special exception based upon its interpretation of the relevant law may, upon rehearing, adopt a different interpretation of the law and proceed to consider the application on its merits notwithstanding the applicant's attempt to restrict the board to a reconsideration of the law. We hold that it may.

On June 7, 1979, the plaintiff applied to the Boscawen Zoning Board of Adjustment for a special exception under the local zoning ordinance to operate a gravel pit on land owned by his father. The board did not accept the application and returned it because the plaintiff had not first applied for a certificate of compliance from the zoning officer. After a further exchange of letters, the plaintiff applied for such a certificate, and the zoning officer denied it. The plaintiff then refiled his application for a special exception.

The board then submitted the plaintiff's application to the planning board for its consideration. The planning board determined that the location was not an appropriate site for a gravel pit and communicated its decision to the board by letter. The plaintiff alleges, and it is not disputed, that he was unaware of the involvement of the planning board.

On September 19, 1979, the zoning board of adjustment held a public hearing on the plaintiff's application. The plaintiff and his attorney attended the hearing and presented evidence in support of the application. Several abutters and members of the general public spoke in favor of the application. No one spoke against it. During the hearing, members of the board questioned the plaintiff about various matters related to the use of the site as a gravel pit. The minutes of the meeting make no mention of the planning board or its decision. Following the public hearing, the board voted unanimously to deny the special exception and on September 20, 1979, advised the plaintiff of its decision. The board's letter to the plaintiff stated that "[t]he special exception may not be permitted without approval of the site as an appropriate location by the Planning Board."

On September 24, 1979, the plaintiff filed a motion for rehearing alleging that the board's belief that a special exception could not be granted without the approval of the planning board was erroneous. The board held a rehearing on October 17, 1979. The plaintiff and his attorney appeared and argued that the board's reliance on the planning board was erroneous. The board offered the plaintiff the opportunity to present further evidence on the merits. He declined, asserting that the sole issue before the board was the legality of its first decision. Upon conclusion of the rehearing, the board voted unanimously to deny the application. By letter dated October 31, 1979, the board informed the plaintiff of the reason for its decision. That letter included the statement that the board had "considered the recommendation of the Planning Board" but had "made its own determination." The letter further stated that the decision of the planning board is "only advisory and not binding on the Zoning Board of Adjustment." On November 19,

1979, the plaintiff filed an appeal from the decision of the board with the superior court. The plaintiff then filed a motion for a protective order in which he sought to restrict the defendant's reasons for denying the plaintiff's application to the one given originally and to preclude the defendant from raising those reasons contained in the board's second decision. Following the recommendation of the Master (*Robert A. Carignan*, Esq.), the Superior Court (*Cann, J.*) granted the plaintiff's motion. The defendant then filed this interlocutory appeal.

■ The defendant argues that the rehearing process is designed to afford local zoning boards of adjustment an opportunity to correct their own mistakes before appeals are filed with the courts and that the court's decision unduly interferes with the board's power to correct its mistakes. We agree.

The rehearing process "is geared to the proposition that the board of adjustment shall have a first opportunity to correct any action it has taken, if correction is necessary, before an appeal to the court is filed." *Bourassa v. Keene*, 108 N.H. 261, 263, 234 A.2d 112, 113 (1967); *see Metzger v. Brentwood*, 115 N.H. 287, 290–91, 343 A.2d 24, 26 (1975). The statutory scheme is based upon the principle that the local board should have the first opportunity to pass upon any alleged errors in its decisions so that the court may have the benefit of the board's judgment in hearing the appeal. *Carrick v. Langtry*, 99 N.H. 251, 254, 108 A.2d 546, 548 (1954).

In this case, the board first denied the plaintiff's application and stated that it could not grant the application without approval of the planning board. The plaintiff then filed a motion for rehearing on the ground that the board could grant an application for a special exception even though the planning board had not approved the proposal. Thereupon, the board granted the rehearing to correct its decision. From the language of the second decision of the board, it is obvious that the board was persuaded that its earlier decision that it lacked authority to grant the special exception was erroneous. Having determined that it was free to act upon the plaintiff's application, the board then proceeded to consider the merits of the application. We hold that the board's actions were proper under the statute. *See* RSA 31:74 (Supp. 1979) to :76.

■ The plaintiff asserts that the right to a rehearing belongs to the applicant and that he controls the scope of the proceedings. In support of this contention, he relies upon RSA 31:74 (Supp. 1979), which provides that the moving party must specify in his motion the grounds on which he seeks a rehearing, and RSA 31:75, which states that no ground not set forth in the motion for rehearing can

be considered by the superior court on appeal. The plaintiff misconstrues the purpose of these provisions. These requirements are intended to ensure that the local board has the first opportunity to pass upon alleged errors which it may have made initially. *Metzger v. Brentwood, supra* at 290–91, 343 A.2d at 26. They do not serve to limit the board to consideration of the issues that the plaintiff chooses to allow.

The plaintiff stresses that the authority of the board to grant the application without the planning board's approval is an issue of law and that he, therefore, did not need to seek a rehearing. He asserts that he could have appealed directly to the superior court, where the sole issue would be the legal one. *See Tremblay v. Town of Hudson*, 116 N.H. 178, 179, 355 A.2d 431, 432 (1976); *Metzger v. Brentwood, supra* at 291, 343 A.2d at 27. Although this may be true, it does not enhance the plaintiff's argument. Had the plaintiff appealed directly to the superior court, the court would either have upheld the board's interpretation of the law or reversed that decision and remanded the case to the board for its consideration of the merits. *Cf. Leda Lanes Realty, Inc. v. Nashua*, 112 N.H. 244, 246, 293 A.2d 320, 322 (1972). Thus, the plaintiff would not have been able to preclude the board from considering the merits in any event.

█ Finally, the plaintiff argues that the board's initial decision was on the merits and that the only deficiency in the plaintiff's application was the lack of approval by the planning board. Consequently, he asserts that the board's subsequent recognition that its reliance on the decision of the planning board was erroneous removed the only deficiency in the plaintiff's application and that the special exception should therefore be granted. We disagree. Although the board heard evidence on the merits at the first hearing, the board's first decision clearly demonstrates that it based its decision not on the merits, but on the belief that it could not approve the application in the absence of planning board approval. Having determined upon rehearing that its reliance on the planning board's decision was erroneous, it was free to consider the application on its merits.

*Reversed and remanded.*

All concurred.