22842

J. Claude WALL, Respondent v. RICHLAND COUNTY ZONING BOARD
OF ADJUSTMENT, whose members consist of Travis L. Bianchi,
Thomas Jones, Jeffrey H. Wyman, and Pauline Hatchell, and Julius L.
Crocker, as Administrator of Richland County Building/Planning/Zon-
ing Department, Appellants.

(365 S. E. (2d) 732)

Supreme Court

*Co. Atty. William F. Able* and *Deputy Co. Atty. C. Dennis
Aughtry,* Columbia, *for appellants.*

*Gene R. Ellison,* Columbia, *for respondent.*

Heard Nov. 4, 1987.

Decided Feb. 29, 1988.

FINNEY, Justice:

Appellant Richland County Zoning Board of Adjustment (Board of Adjustment) set aside a special exception it had granted to respondent, J. Claude Wall, because of alleged improprieties and fraud concerning various board members' votes. The circuit court reversed the Board of Adjustment's decision, which set aside its grant of the special exception, and reinstated the Board of Adjustment's initial decision granting respondent a special exception. We affirm the decision of the circuit court.

Respondent owns a tract of property which the Richland County Zoning Board initially zoned rural undeveloped (RU) property. In 1985, Richland County Zoning Board rezoned respondent's property as single family residential (RS-1). RS-1 zoning permits only single family dwellings on individual lots which must measure at least 12,000 square feet and have a minimum width of 75 feet. *See*, Richland County Zoning Ordinances, Article VI, § 6-3.6 (1977).

In 1986, respondent applied to the Board of Adjustment for a special exception to permit cluster housing on his RS-1 property. A cluster housing development is a permitted special exception to RS-1 zoning. The special exception relaxes conventional zoning and/or subdivision standards by allowing modifications of single family residential lot size, shape and the concentration of single-family dwellings. Respondent's application for the special exception was considered at the Board of Adjustment's public hearing on March 5, 1986, and was granted by a vote of four to two. The next day, the zoning administrator mailed respondent a letter informing him of the Board's approval of the cluster housing development.

Shortly thereafter, Richland County Council removed members Rhett Jacobs, Davis Self and Melvin LeGrand from the Board of Adjustment. Rhett Jacobs was removed for alleged improper conduct at a meeting; Davis Self was removed for allegations of excessive absenteeism, and Melvin LeGrand was removed for an alleged conflict of interest resulting from an assertion that LeGrand would

receive an electrical contract on the cluster housing development should it be approved.[1] On April 3, 1986, after the three aforesaid members had been removed from the board, the four remaining board members voted *sua sponte* to reconsider and rehear respondent's special exception request. Upon the Board of Adjustment's rehearing, the special exception was denied by a vote of three to one.

Appellant argues that under the circumstances of this case in which there were allegations of fraud and other improprieties associated with the vote granting the special exception, it had the authority to order a rehearing. Recently, in *Bennett v. City of Clemson*, 293 S. C. 64, 358 S. E. (2d) 707 (1987), we held that a zoning board had the power to reconsider or rehear a case, but that "power should be exercised only when there is justification and good cause ..." *Id.*, at 709. The issue before this Court is not whether appellant had the authority to reconsider or rehear this case, but whether appellant's reasons constituted justification and good cause for the exercise of such authority.

We hold that the reasons set forth in the record for removing Jacobs and Self are not justification or good cause for a rehearing. There is no evidence that Jacobs' alleged improper conduct and Self's excessive absenteeism were so related to the Board of Adjustment's action granting the special exception as to invalidate its initial decision. With respect to LeGrand, the record evinces only an allegation by one member of the Board that LeGrand had a financial interest in the housing development. In the absence of a record which reflects proof of fraud by a preponderance of the evidence, an unsubstantiated accusation is insufficient basis to justify a rehearing.[2]

---

[1] Jacobs, Self and LeGrand appealed their removal from the Board of Adjustment. The circuit court reversed the decision of Richland County Council in each instance, and Richland County Council appealed the rulings. The disposition of these cases on appeal is as follows: *Jacobs v. Richland County Council*, Opin. No. 22785 (filed October 26, 1987) (dismissed as moot—term on Board had expired); *Self v. Richland County Council, et al*, 87-MO-405 (filed November 9, 1987) (dismissed as moot—term on Board had expired); *LeGrand v. Richland County Council, et al.*, 87-MO-405 (filed November 9, 1987) (affirmed pursuant to Supreme Court Rule 23).

[2] Boards seeking to invoke the authority to rehear or reconsider a case for a reason such as fraud are reminded that there must be substantiated proof of such in the record.

There is no showing of impropriety or fraud surrounding or affecting the Board's initial decision. As a result, we conclude that the Board of Adjustment abused its discretion in rehearing the matter. Accordingly, we affirm the circuit court's decision. Appellant's remaining exceptions are disposed of pursuant to Supreme Court Rule 23.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.