IN RE: APPLICATION FOR VARIANCE BY J. H. CARTER BUILDER COMPANY INC.

---

DAVID F. KIRBY, STEPHEN EASTMAN, WILLIAM D. STEVENSON, JR., BARBARA D. MARTIN, PETITIONERS v. BOARD OF ADJUSTMENT OF THE CITY OF RALEIGH AND J. H. CARTER BUILDER, INC., RESPONDENTS

No. 8810SC1185

(Filed 15 August 1989)

**Municipal Corporations § 30.6 — application for variance denied — no proper basis for rehearing**

Respondent Board of Adjustment violated its own procedural rules when it agreed some six weeks after denying petitioner's application for a zoning variance to rehear the application since the Board of Adjustment rules then applicable stated that an application for rehearing "shall be denied by the Board if in its judgment there had been no substantial change in the facts, evidence or conditions in the case"; the chairman explained that he had reviewed the minutes of the meeting in which the petition had been denied and he would like to change his vote; and it was clear that there was no substantial change in the facts, evidence, or conditions in this case.

APPEAL by J. H. Carter Builder, Inc. from *Bailey, Judge.* Order entered 28 July 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 10 May 1989.

On 14 March 1986 appellant Carter purchased two subdivided lots, numbered 61 and 62, on White Oak Road in Raleigh. A house stood on lot 61, lot 62 was undeveloped. A condition of the sale was that Carter be able to recombine the two lots, so that lot 62 would be buildable. The existing house extended beyond the original property line a few feet. The purpose of the recombination

IN RE APPLICATION FOR VARIANCE

[95 N.C. App. 182 (1989)]

was to insure proper setbacks for any new construction. This was to be accomplished by moving the dividing line into lot 62.

On 21 February 1986 a recombination map was approved by the Subdivision Section of the City Planning Department. On 1 June 1987 the city granted Carter a building permit for lot 62. Adjacent property owners and concerned neighbors, appellees in this case, thereafter notified the city that the recombined lot might be too small for building in the applicable zoning district. On 8 June 1987 the subdivision administrator notified Carter, through his surveyor, that the recombination map was wrongly approved because it had been discovered that lot 62 contained only .228 acre (9,931.68 sq. ft.) when a minimum lot size of .25 acre (10,890 sq. ft.) is required in the applicable zoning district, R-4. On 12 June 1987 the building permit was rescinded. Carter already had sold lot 61, and the current owner (appellee Eastman) is unwilling to sell Carter any additional square footage.

On 20 July 1987 Carter applied for a variance from the required lot size. On 3 August 1987, the Board of Adjustment heard evidence on Carter's application and a motion was made to grant the variance. The vote was three in favor, two against. Because N.C.G.S. § 160A-388(e) requires a four-fifths vote to grant a variance, the motion failed. The next day, Carter requested that the board rehear the matter. At its meeting on 14 September 1987 the board agreed to rehear the matter. Upon rehearing the vote in favor of the variance was four to one, thus the variance was granted. Pursuant to N.C.G.S. § 160A-388(e) appellees petitioned for writ of certiorari to the Superior Court, Wake County. The petition was granted. In its order dated 28 July 1988 the Superior Court reversed the Board of Adjustment and vacated the variance. Carter appeals from that order.

*Seay, Rouse, Harvey & Titchener, by George H. Harvey; and Hunter, Wharton & Lynch, by John V. Hunter III, for appellant J. H. Carter Builder, Inc.*

*Manning, Fulton & Skinner, by John B. McMillan and John I. Mabe, Jr., for appellee.*

ARNOLD, Judge.

Carter excepts to the trial court's conclusion of law that "[t]he action of the Raleigh Board of Adjustment in granting a variance

in the matter under review before this Court was contrary to law." We affirm the trial court.

N.C.G.S. § 160A-381 enables cities to regulate and restrict land use:

> For the purpose of promoting health, safety, morals, or the general welfare of the community, any city may regulate and restrict the height, number of stories and size of buildings and other structures, the percentage of lots that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence . . . . These regulations may provide that a board of adjustment may determine and vary their application in harmony with their general purpose and intent and in accordance with general or specific rules therein contained.

N.C.G.S. § 160A-388(e) governs the procedure of Boards of Adjustments when granting variances. In pertinent part it states:

> The concurring vote of four-fifths of the members of the board [of adjustment] shall be necessary . . . to grant a variance from the provisions of the ordinance. Every decision of the board shall be subject to review by the superior court by proceedings in the nature of certiorari.

Pursuant to N.C.G.S. § 160A-381, the Raleigh ordinance creates a board of adjustment at Code Section 10-2094. That section provides that:

> (e) The board of adjustment may adopt its own other rules or procedure. Such rules shall be consistent with the laws of North Carolina and the ordinances and the policies of the council.

In 1987, when Carter's variance application was heard, the following rule had been adopted by the Raleigh Board of Adjustment:

> V. Appeals and Applications
>
> &ast; &ast; &ast; &ast;
>
> C. 4. *Rehearings.* An application for a rehearing may be made in the same manner as provided for an original hearing. Evidence in support of the application shall initially be limited to that which is necessary to enable

**IN RE APPLICATION FOR VARIANCE**

[95 N.C. App. 182 (1989)]

the Board to determine whether there has been a substantial change in the facts, evidence or conditions in the case. *A rehearing shall be denied by the Board if in its judgment there has been no substantial change in the facts, evidence or conditions in the case.* (Emphasis added.)

In *Refining Co. v. Board of Aldermen*, 284 N.C. 458, 202 S.E.2d 129 (1974), our Supreme Court held that when a board of aldermen passes upon an application for a special use permit, it "may not violate at will the regulations it has established for its own procedure; it must comply with the provision of the applicable ordinance." *Id.* at 467, 202 S.E.2d at 135. The Court explained:

The procedural rules of an administrative agency "are binding upon the agency which enacts them as well as upon the public. . . . To be valid the action of the agency must conform to its rules which are in effect at the time the action is taken, particularly those designed to provide procedural safeguards for fundamental rights."

*Id.* at 467-68, 202 S.E.2d at 135 (citation omitted). This rule, which demands that a board of adjustment consistently follow its procedural rules, is equally applicable to a case involving a variance.

At the Board of Adjustment meeting held 3 August 1987, the board heard evidence concerning Carter's application for a variance. A motion was made to approve the variance. As N.C.G.S. § 160A-388(e) requires a four-fifths vote to grant a variance, the vote, three in favor, two opposed, was insufficient to carry the motion. On 4 August 1987, Carter requested that the board reconsider its vote because, Carter states in his request: "at least one of the negative votes was based on the incorrect assumption that the Board had no authority, on a variance request, to change the area requirements of the zoning ordinance."

At the 14 September 1987 meeting of the Board of Adjustment, the board entertained Carter's request to reconsider the vote taken at the 3 August 1987 meeting. The chairman of the board explained that since the meeting he had reviewed the minutes and information and he would like to change his vote. No new evidence was heard. A vote was taken and the variance application was approved four in favor, one against.

IN RE APPLICATION FOR VARIANCE

[95 N.C. App. 182 (1989)]

The Board of Adjustment rules then applicable and cited above stated that an application for rehearing "shall be denied by the Board if in its judgment there has been no substantial change in the facts, evidence or conditions in the case." After considerable review of the record in this case we conclude that the board violated its own procedural rules when it agreed to rehear Carter's application for a variance. It is clear that there was no change in the "facts, evidence or conditions in the case." N.C.G.S. § 160A-388(e) provides that Carter's route to appeal was review by the superior court "by proceedings in the nature of certiorari."

Carter's reliance on *Fisher v. Town of Boscawen*, 121 N.H. 438, 431 A.2d 131 (1981), which interprets a distinguishable statutory scheme is misplaced. Similarly, given our interpretation of *Refining Co.*, Carter's reliance on *Bennett v. City of Clemson*, 293 S.C. 64, 358 S.E.2d 707 (1987), is to no avail. In *Bennett*, the South Carolina court found that no statute or municipal ordinance precluded a zoning board from reconsidering and reversing a matter it had previously decided. *Id.* at 66, 358 S.E.2d at 708. The Board of Adjustment rules here make it clear when a case may be reheard by the Board of Adjustment. As the *Bennett* court pointed out:

> In cases permitting an agency to reconsider its decision, courts have emphasized that an agency's power to reconsider or rehear a case is not an arbitrary one, and such power should be exercised only when there is justification and good cause; i.e., newly discovered evidence, fraud, surprise, mistake, inadvertence or change in conditions.

*Id.* at 66-67, 358 S.E.2d at 708-09. This rationale ably explains the reasoning behind the Board of Adjustment rehearing rule which was ignored in this case.

Given the holding above it is unnecessary to reach appellant's additional assignments of error. The order of the trial court is

Affirmed.

Chief Judge HEDRICK and Judge WELLS concur.