Rockingham
No. 91-476

DEER LEAP ASSOCIATES

v.

TOWN OF WINDHAM

ROCK POND IMPROVEMENT ASSOCIATION

v.

TOWN OF WINDHAM

December 29, 1992

*McSwiney, Semple, Bowers & Wise, P.C.*, of Concord (*James B. Kazan* on the brief and orally), for Pelham Bank & Trust.

*Baldwin & de Seve*, of Concord (*Richard J. de Seve* on the brief and orally), for Rock Pond Improvement Association.

Deer Leap Associates filed no brief.

Town of Windham filed no brief.

BROCK, C.J. This is an appeal from an order of the Superior Court (*Perkins*, J.), disposing of the appeals from two separate deci-

sions of the Town of Windham Planning Board. For the reasons that follow, we reverse.

In September 1985, the Town of Windham Planning Board considered a proposal submitted by Deer Leap Associates (Deer Leap) to create a multi-lot subdivision contiguous with Rock Pond in Windham. At its September 25, 1985 meeting, the board approved the plans for all but one of the lots comprising the third phase of the subdivision development. According to the minutes of the planning board meeting, the board withheld approval of lot number 16 and passed a motion "making approval of lot 16 contingent on a study of the effect of a failed septic system on this lot as it affects the spring and the pond."

Deer Leap appealed this aspect of the board's decision to the superior court, pursuant to RSA 677:15, giving rise to the first of the above-captioned cases. In prayer one of its petition, Deer Leap requested that the superior court "[a]llow certiorari and direct the Defendant's Planning Board to review said decision within a reasonably prompt time." After the petition was filed, the parties agreed that certiorari should be allowed as to prayer one and stipulated that "the Windham Planning Board shall review the decision within thirty (30) days from the Court's approval of this stipulation." The Superior Court (*Dunn*, J.) approved the stipulation on December 3, 1985, and issued an order in accordance therewith.

In January 1986, the planning board reviewed its decision concerning lot 16. The minutes of the planning board hearings on January 8 and 22 indicate that the board heard additional evidence concerning the development of lot 16, including information regarding the impact of a functioning septic system on the pond. On January 22, the board approved the plans for lot 16 with certain restrictions on where the septic system and any buildings could be placed. The board heard no evidence detailing the effects a failed septic system on lot 16 would have on Rock Pond. The Rock Pond Improvement Association (Rock Pond) appealed the approval of lot 16, giving rise to the second of the above-captioned cases. By motion of the Town of Windham, the superior court consolidated the two appeals. Because Deer Leap encountered financial difficulties, lot 16 was subsequently acquired by Pelham Bank & Trust, which was granted intervenor status in this case.

In its order of August 22, 1991, the superior court affirmed the planning board's September 25, 1985 decision placing the contingency on the approval of lot 16, and reversed the board's January 22,

1986 decision granting approval to lot 16 with restrictions. The court reasoned that the board's approval of lot 16 was unreasonable and an error of law because the board had granted approval on the basis of an incomplete application by not requiring satisfaction of the "study" contingency. Pelham Bank & Trust appealed to this court.

■■ Upon a grant of certiorari, the superior court may review the decision of a planning board, RSA 677:15, II, and may reverse, affirm, or modify that decision where there is an error of law or when the decision is unreasonable, RSA 677:15, V. We will not overturn the superior court's decision unless it is unsupported by the evidence or legally erroneous. *Devaney v. Town of Windham*, 132 N.H. 302, 306, 564 A.2d 454, 456 (1989); *Nadeau v. Town of Durham*, 129 N.H. 663, 666, 531 A.2d 335, 337 (1987).

The superior court erred in reversing the planning board's January 22 decision granting approval of lot 16. The court based its reversal on the ground that the board had failed to require the satisfaction of the contingency requiring a study when, in fact, that contingency was no longer in effect. The requirement that a study of septic failure be conducted was removed after the planning board reviewed its decision creating the contingency, pursuant to the court-approved stipulation between the Town of Windham and Deer Leap. The planning board's review of its own decision pursuant to stipulation is analogous to a review on rehearing or reconsideration. In reviewing its own decision, the board had the opportunity to affirm, reject, or modify that decision.

■ In this case the board discarded the "study" contingency when it approved lot 16 on review. The purpose of the board's January meetings regarding the Deer Leap subdivision was to review its earlier decision requiring a study of the effects of a failed septic system on lot 16. The board received additional evidence and ultimately decided that lot 16 should be approved with restrictions. This decision replaced the board's earlier decision establishing the contingency. *See McDonnell v. Town of Derry*, 116 N.H. 3, 6, 350 A.2d 620, 622 (1976) (when a public body reconsiders a matter only the final result is to be regarded as the thing done); *Byron v. Timberlane Regional School Dist.*, 113 N.H. 449, 453, 309 A.2d 218, 221 (1973) (same).

To conclude otherwise would frustrate the very purposes behind such a review. We have recognized that a review can be beneficial because it allows a local board an opportunity to correct its mistakes,

and it ensures that a court will have the benefit of the board's judgment and expertise on appeal. *See Fisher v. Town of Boscawen*, 121 N.H. 438, 440, 431 A.2d 131, 132 (1981); *Metzger v. Brentwood*, 115 N.H. 287, 290–91, 343 A.2d 24, 26 (1975). To require that the planning board not grant approval upon review until the contingency was met would effectively preclude the board from modifying its decision. On appeal, the superior court should have assessed the legality and reasonableness of the planning board's January 22 decision without reference to the contingency created by the board's earlier, and since modified, decision. Similarly, the court should have considered the appeal from the board's September 25 decision in light of the modifications made to that decision during the board's subsequent review.

■ At oral argument, counsel for Rock Pond conceded that the planning board had the power to waive the "study" contingency, but contended that to be effective such a waiver had to be explicit. We disagree. The purpose of the board's review was to modify its earlier decision as needed. Any changes in the decision or any waiver of a prior contingency can be inferred from the board's final decision on review. *See Fisher*, 121 N.H. at 440, 431 A.2d at 132 (recognizing that a zoning board's decision on rehearing implicitly overruled the board's earlier decision); *see also McDonnell*, 116 N.H. at 6, 350 A.2d at 622 (when a public body reconsiders a matter, only the final result is to be regarded as the thing done).

Counsel for Rock Pond also argues that even if we find that the planning board properly waived the "study" contingency on review, we should affirm on the alternative grounds purportedly set forth by the superior court that it was unreasonable for the board to waive the contingency. This claim misstates the superior court's order. The superior court did not evaluate the reasonableness of the board's waiver. Instead, the court issued its order solely on the grounds that the board had granted approval to lot 16 on the basis of an incomplete application. Accordingly, we reverse and remand for further proceedings consistent with this decision.

*Reversed and remanded.*

All concurred.