Belknap
No. 93-330

JAMES F. NESTOR & a.

v.

TOWN OF MEREDITH ZONING BOARD OF ADJUSTMENT & a.

July 6, 1994

*Baldwin and de Seve*, of Concord (*Carolyn W. Baldwin* on the brief and orally), for the plaintiffs.

*Nighswander, Martin & Mitchell, P.A.*, of Laconia (*Timothy Bates* on the brief and orally), for defendant Town of Meredith Zoning Board of Adjustment.

*John W. Dever* and *R. Joseph Dever, pro se*, filed no brief.

BATCHELDER, J.   The plaintiffs, abutters and nearby landowners to the land of defendants John W. and R. Joseph Dever, appeal an order of the Superior Court (*O'Neil*, J.) upholding the issuance by defendant Meredith Zoning Board of Adjustment (ZBA) of a special exception to the Devers. They argue: (1) that an apartment is not a permitted "accessory use" of a rural convenience store; (2) that the ZBA, without input from abutters, erroneously attached conditions to the grant of the special exception; (3) that the ZBA erroneously considered supplementary material submitted by the Devers in granting a motion for rehearing; and (4) that the ZBA failed to consider the impact of the proposal on abutting property. We affirm.

Defendants John W. Dever and R. Joseph Dever own land located in the forestry and rural zone as defined in the Meredith Zoning Ordinance. On January 3, 1992, they applied for a special exception from the ZBA for the construction of a convenience store with a second floor apartment on their land. Site plan approval, which is required as a precondition to the granting of a special exception under the zoning ordinance, had been obtained and was on file with the ZBA at the time of the application. The ZBA initially denied the special exception. Upon rehearing, however, it reversed its denial, attaching thirteen conditions to the Devers' proposal. The plaintiffs then appealed to the superior court. *See* RSA 677:4 (1986). Based on

the record submitted by the parties and a view of the site, the trial court found that the ZBA acted lawfully in granting the special exception with the attached conditions.

■ Appellate review is limited to determining whether there was legal error or a lack of requisite evidence to support the trial court's fact finding. *Aranosian Oil Co. v. City of Portsmouth*, 136 N.H. 57, 59, 612 A.2d 357, 358 (1992). In another town, on an identical fact pattern, a different decision might lawfully be reached by another ZBA. This does not mean that either finding or decision is wrong *per se*. It merely demonstrates in a larger sense the home rule aspects of the law of zoning that are at the core of New Hampshire's land use regulatory scheme. "Our standard of review is not whether we would have found as the fact finder did, but whether there was evidence on which he or she could reasonably base his or her findings." *Quinlan v. City of Dover*, 136 N.H. 226, 229, 614 A.2d 1057, 1058 (1992) (quotation and brackets omitted).

■ The plaintiffs first argue that the planned second floor apartment is not a permitted "accessory use" to a rural convenience store and, therefore, that the ZBA lacked authority to allow it. The Meredith Zoning Ordinance defines an accessory use as "[a] use of structure on the same lot with, and of a nature customarily incidental and subordinate to, the principal use of structure." MEREDITH ZONING ORDINANCE, art. VIII (amended March 12, 1991). This definition accords with our common law requirement that to be permitted as an accessory use, the use must not be the principal use of the property, but rather a use occasioned by the principal use and subordinate to it. *Treisman v. Town of Bedford*, 132 N.H. 54, 59, 563 A.2d 786, 789 (1989); *Town of Salem v. Durrett*, 125 N.H. 29, 32, 480 A.2d 9, 11 (1984).

■ The ZBA attached several conditions to the grant of a special exception, including the requirement that the apartment "if occupied, . . . must be occupied by the owner, an immediate family member or an employee" of the store. The trial court found that "[a]n apartment is commonly associated with such a store in order to accommodate the owner or manager of the store and to therefore provide greater security and control over the premises." Consequently, the trial court's determination that the proposed apartment satisfies the definition of an accessory use was not erroneous.

The plaintiffs also challenge the apartment as not being included in the original special exception application. The planning board's minutes of the site plan review, which was preliminary to the special

exception application, explicitly state that "[a]n apartment is proposed for the second floor." We therefore reject the plaintiffs' argument that the Devers did not apply for a special exception for the apartment.

Because they were not afforded an opportunity to comment on the conditions attached to the proposal by the ZBA, the plaintiffs maintain that the ZBA impermissibly rewrote the application. We disagree.

Article VII of the Meredith Zoning Ordinance empowers the ZBA to attach conditions to the grant of a special exception. As we have noted when reviewing a planning board's ability to attach conditions, "[i]f the board could not impose a condition subsequent, both towns and applicants would lack a tool to adjust the pursuit of private interests to reasonable regulation in the public interest." *Sklar Realty v. Town of Merrimack*, 125 N.H. 321, 327, 480 A.2d 149, 152 (1984).

The plaintiffs' argument that they had no opportunity to comment on the specific conditions attached by the ZBA is countered by the extensive testimony presented on the special exception application. To suggest that the ZBA was not apprised of the plaintiffs' concerns is disingenuous.

■ Additionally, their reliance on *Sklar Realty* for their contention that they had a right to comment on the conditions imposed by the ZBA is misplaced. *Sklar Realty* recognized the right of abutters to be heard on an applicant's compliance with conditions precedent to approval of an application. *Id.* at 328–29, 480 A.2d at 153. It did not, however, grant abutters input on conditions subsequent to approval, imposed by the ZBA to ensure that the project "will be in harmony with the orderly development of the District." MEREDITH ZONING ORDINANCE, art. VII, 1. Consequently, *Sklar Realty* does not apply.

■ The plaintiffs' third argument warrants little discussion. They contend that the ZBA unlawfully considered a supplement to the Devers' request for rehearing when it granted the rehearing. To the contrary, the motion for rehearing contained adequate grounds in itself to warrant the ZBA's reconsideration of the special exception application. Additionally, the scope of the rehearing was not confined to the issues contained in the motion for rehearing. *Fisher v. Town of Boscawen*, 121 N.H. 438, 441, 431 A.2d 131, 133 (1981).

Finally, the plaintiffs argue that the ZBA applied an overly broad definition of "neighborhood" when assessing the impact of the proposed project, impermissibly relied on its own opinion, and improp-

erly disregarded expert opinion. The ZBA counters that the proposed use will not impermissibly impair the value of surrounding properties.

■ Before granting a special exception, the ZBA must determine, among other things, "[t]hat the use will not be detrimental to the character or enjoyment of the neighborhood." MEREDITH ZONING ORDINANCE, art. VII, 1. "Neighborhood" is commonly defined as "a number of people forming a loosely cohesive community within a larger unit." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1514 (unabridged ed. 1961). Consequently, we reject the plaintiffs' argument that "neighborhood" should be narrowly defined to include only owners or occupants of adjacent property.

We likewise reject the plaintiffs' contention that the ZBA impermissibly relied on its own opinion in assessing the impact of the store on the neighborhood. We have previously held that "[i]n arriving at a decision, the members of the [ZBA] can consider their own knowledge concerning such factors as traffic conditions, surrounding uses, etc., resulting from their familiarity with the area involved." *Vannah v. Bedford*, 111 N.H. 105, 108, 276 A.2d 253, 255 (1971).

Nor do we agree that the ZBA improperly ignored the plaintiffs' expert testimony on the negative impact that the store would have on surrounding property. The ZBA heard conflicting testimony on the impact that the store would have on adjacent property, including testimony that the store would have no impact on the market value of the abutting properties. Because the resolution of conflicts in the evidence is a function of the ZBA, *Burke v. Town of Jaffrey*, 122 N.H. 510, 514, 446 A.2d 1169, 1172 (1982), the trial court did not err in holding that the ZBA's decision was reasonable.

*Affirmed*

BROCK, C.J., did not sit; the others concurred.