Rockingham
98-788

GREGORY RALLIS

v.

TOWN OF HAMPTON PLANNING BOARD

February 7, 2001

*Salomon, Randlett & Bernard,* of Hampton (*Craig N. Salomon* on the brief and orally), for the plaintiff.

*Shaines & McEachern, P.A.,* of Portsmouth (*John H. McEachern* and *Jean M. Long* on the brief, and *Ms. Long* orally), for the defendant.

BRODERICK, J. The defendant, Town of Hampton Planning Board (planning board), appeals a decision by the Superior Court (*Abramson,* J.) reversing its decision not to accept jurisdiction over the plaintiff's subdivision application and remanding the case for further consideration. We affirm.

We recite the facts as found by the superior court or as supported by the record. The plaintiff, Gregory Rallis, owns an approximately eight-acre lot in the Town of Hampton that he wishes to subdivide into multiple residential building lots. As early as March 1997, he explored subdivision options with the planning board. On September 9, 1997, he met with the chairperson of the planning board and the town's circuit rider planner to review a draft of his application. Both the circuit rider planner and the chairperson testified that the application was essentially complete and ready for public hearing as of September 9, 1997. The plaintiff did, however, complete items noted as incomplete by the circuit rider planner and chairperson, and submitted the application and requisite fee to the planning board on September 16, 1997.

The application proposed a six-lot subdivision. It included a road which abutted two lots in an adjoining subdivision that had frontage on an existing road. The proposed design, therefore, created two "double-fronted" lots, *i.e.,* lots abutted by roads at the front and rear property lines. A public hearing on the application was scheduled for October 1, 1997.

On September 4, 1997, the planning board posted notice of a public hearing for a proposed amendment to sections II and VI-A, 1 of the town subdivision regulations. The planning board subsequently published the same notice in *The Hampton Union* newspaper on September 5, 1997. The amendment prohibited subdivision roads that created double-fronted lots. At the public hearing on September 17, 1997, the planning board voted to approve the amendment. It did not certify the amendment, however, until October 1, 1997, and did not file the required certification with the town clerk until October 2, 1997.

At the October 1, 1997 hearing, the planning board voted not to accept jurisdiction of the plaintiff's subdivision application because it: (1) did not include written waiver requests for the double-fronted

lots and road location; and (2) presented too many design issues "which ultimately could be reconfigured and submitted at a later date." The planning board denied the plaintiff's request for reconsideration and he appealed to the superior court. *See* RSA 677:15 (1996). Following a hearing, the trial court ruled that the planning board's refusal to accept jurisdiction was erroneous as a matter of law. The court remanded the case to the planning board for further consideration.

On appeal, the planning board argues it properly refused to accept jurisdiction over the application because: (1) the application did not comply with the double-fronted lot amendment; (2) the plaintiff's application was incomplete as of the October 1, 1997 public hearing; and (3) the waivers filed the night of the public hearing were untimely. The planning board also argues that the trial court erred in strictly scrutinizing the filing and certification of the double-fronted lot amendment.

"Upon a grant of certiorari, the superior court may review the decision of a planning board and may reverse, affirm, or modify that decision where there is an error of law or when the decision is unreasonable." *Deer Leap Assocs. v. Town of Windham,* 136 N.H. 555, 557 (1992) (citations omitted); *see also* RSA 677:15, V (Supp. 2000). "We will not overturn the superior court's decision unless it is unsupported by the evidence or legally erroneous." *Deer Leap Assocs.,* 136 N.H. at 557.

I

The planning board first argues that it properly declined jurisdiction over the plaintiff's application because it contained plans for double-fronted lots in violation of the double-fronted lot amendment to the subdivision regulations. The planning board asserts that the amendment became effective on September 4, 1997, or September 5, 1997, the date of the first published notice. *See* RSA 676:12, I, V (1996). We disagree.

RSA 675:6, III states that "[n]o . . . amendment . . . shall be legal or have any force and effect until copies of it are certified by a majority of the board . . . and filed with the . . . town clerk." It is undisputed that certification and filing of the amendment were not completed until October 2, 1997. The hearing on the plaintiff's application occurred on October 1, 1997. Thus, the planning board was not entitled to decline jurisdiction over the plaintiff's application for failing to comply with the amendment.

In support of its argument that the amendment became effective upon first published notice, the planning board relies upon RSA

676:12, I, V. This reliance is misplaced. There is a distinction between a planning board taking jurisdiction over an application, which is at issue here, and formal consideration of an application after accepting jurisdiction.

■ RSA 676:12, in pertinent part, states: "No proposed subdivision [regulation] or amendment thereto shall affect a plat or application formally accepted by the planning board . . . so long as said plat or application was accepted prior to the first legal notice of said change or amendment." RSA 676:12, V. The purpose of the statute is to protect applications from regulatory amendments passed while the application is under formal consideration. *See Rall v. Town of Belmont*, 138 N.H. 172, 173 (1993).

In this case, the plaintiff's subdivision application was not accepted by the planning board before the first published notice of the proposed amendment. Accordingly, while his application may not be protected from the amendment, RSA 676:12, V cannot be relied upon by the planning board to deny jurisdiction over the plaintiff's application.

## II

The planning board next argues that it properly declined jurisdiction because the plaintiff's application was incomplete. We disagree. Before beginning formal consideration of an application, the planning board must determine whether the application is "sufficient to invoke jurisdiction to obtain approval." RSA 676:4, I(b) (Supp. 2000). The applicant must submit a completed application and pay a fee. *See* SUBDIVISION REGULATIONS, TOWN OF HAMPTON, NEW HAMPSHIRE § III(B)(1), (C)(2) (September 6, 1995) (superseded December 17, 1997). A completed application "means a final subdivision plat and application form submitted with all other information and materials required by the Board, to enable it to make an informed decision." *Id.* § II. Section IV of the town's subdivision regulations details the information and materials that must be included in an application.

■ Here, the record indicates that both the circuit rider planner and the board's chairperson considered the plaintiff's application sufficiently "complete" on September 9, 1997. The record also shows that the plaintiff's application included detailed subdivision plans and the other items required by the subdivision regulations. Thus, it was sufficiently complete for the board to exercise jurisdiction over it. *See id.* That the plaintiff offered to revise or redesign his

plans to satisfy various planning board concerns, after submitting a completed application, did not render his application "incomplete" for jurisdictional purposes. *See, e.g., id.* § III(C)(6) (conditional approval over plans subject to modification); *see also* RSA 676:4, I(i) (1996) (board may conditionally approve plans and require that modification be made during consideration of plan).

### III

The defendant's remaining arguments are either rendered moot by our holdings today, or lack merit and warrant no further discussion. *See Vogel v. Vogel,* 137 N.H. 321, 322 (1993).

*Affirmed.*

BROCK, C.J., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.