**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ralph Porcher, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2010-163486

Appeal From Richland County
J. Michelle Childs, Circuit Court Judge

Unpublished Opinion No. 2012-UP-441
Submitted July 2, 2012 – Filed July 18, 2012

**AFFIRMED**

John A. O'Leary, of O'Leary Associates, P.A., of
Columbia, for Appellant.

Patrick J. Frawley, of Davis, Frawley, Anderson,
McCauley, Ayer, Fisher, & Smith, LLC, of Lexington,
for Respondent.

**PER CURIAM:** Ralph Porcher appeals the circuit court's order affirming the State Employee Grievance Committee's (the Committee) Amended Final Decision, which found substantial evidence existed in the record to support the South

Carolina Department of Corrections's (SCDC) decision to terminate Porcher.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in ruling the Committee properly allowed SCDC's witnesses to testify in the initial hearings when they were not timely disclosed: 1 S.C. Code Ann. Regs. 19-718.07(C)(1) (2011) ("[T]he covered employee and the agency . . . shall exchange witness lists which must be received by the other party no later than five calendar days prior to the hearing. . . .  Witness lists which have not been exchanged as required by this provision and witnesses not included on a properly exchanged list will be excluded at the hearing unless the Committee finds that . . . the witness(es) should be admitted in the furtherance of justice.")

2.  As to whether the circuit court erred in ruling the Committee properly allowed admittance of new evidence and witnesses during the hearings on SCDC's motion for reconsideration: S.C. Code Ann. § 8-17-340(F) (Supp. 2011); 1 S.C. Code Ann. Regs. 19-718.07(F)(10) (2011) (providing that either the covered employee or the agency may request reconsideration within thirty calendar days from receipt of the agency's final written decision); *Bennett v. City of Clemson*, 293 S.C. 64, 66, 358 S.E.2d 707, 708 (1987) ("An administrative agency's power to reconsider or rehear its previous ruling is curtailed significantly in most instances by enabling legislation. . . .  In some jurisdictions, however, [c]ourts have acknowledged that [administrative agencies] have the power to rehear or reconsider [their] decisions in the absence of a specific grant of legislative authority." (citations omitted)); *Id.* at 66-67, 358 S.E.2d at 708-09 ("In cases permitting an agency to reconsider its decision, courts have emphasized that an agency's power to reconsider or rehear a case is not an arbitrary one, and such power should be exercised only when there is justification and good cause; i.e., newly discovered evidence, fraud, surprise, mistake, inadvertence or change in conditions."); *Rouse v. Nielsen*, 851 F. Supp. 717, 734 (D.S.C. 1994) (providing the occurrence of an intervening change of controlling law may also operate as a ground for a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure); S.C. Code Ann. § 8-17-340(C) (Supp. 2011) ("The [C]ommittee chairman . . . is authorized . . . to issue subpoenas for files, records, and papers; to call additional witnesses; and to subpoena witnesses."); *S.C. Dep't of Soc. Servs. v. Cochran*, 356 S.C. 413, 419, 589 S.E.2d 753, 756 (2003) (reversing the circuit court and

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

remanding the case "with leave to open the record to receive any other evidence pertinent to a determination as to whether mother has overcome her drug addiction and to give DSS the opportunity to present a proper chain of custody for mother's blood samples").

3.  As to whether the circuit court properly affirmed the Committee's Amended Final Decision, which found substantial evidence existed to support SCDC's decision to terminate Porcher: S.C. Code Ann. § 1-23-380(5) (Supp. 2011) (providing the appellate court has the authority to affirm a decision of an agency or "reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record"); *Kimmer v. Murata of Am., Inc.*, 372 S.C. 39, 44, 640 S.E.2d 507, 509 (Ct. App. 2006) (holding an appellate court "may not substitute its judgment for that of the [agency] as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law"); *MRI at Belfair, LLC v. S.C. Dep't of Health & Envt'l Control*, 379 S.C. 1, 6, 664 S.E.2d 471, 474 (2008) ("As to factual issues, judicial review of administrative agency orders is limited to a determination whether the order is supported by substantial evidence."); *Bursey v. S.C. Dep't of Health & Envt'l Control*, 360 S.C. 135, 141, 600 S.E.2d 80, 84 (Ct. App. 2004) ("Substantial evidence is not a mere scintilla of evidence nor evidence viewed blindly from one side, but is evidence which, when considering the record as a whole, would allow reasonable minds to reach the conclusion that the agency reached." (internal quotation marks omitted)).

4.  As to Porcher's remaining issues: *Holy Loch Distribs., Inc. v. Hitchcock*, 340 S.C. 20, 24, 531 S.E.2d 282, 284 (2000) (holding issues not raised to and ruled upon by the circuit court are not preserved for appellate review); *Harkins v. Greenville Cnty.*, 340 S.C. 606, 620, 533 S.E.2d 886, 893 (2000) ("In order to be preserved for review, the [circuit] court must rule upon the issue.").[2]

---

[2] Even if these arguments were preserved, substantial evidence existed in the record to sustain SCDC's termination decision.  *See* S.C. Code Ann. § 1-23-380(5) (Supp. 2011) (providing the court of appeals has the authority to affirm a decision of an agency or "reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record").

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**